UNITED STATES DISTRICT COURT            EASTERN DISTRICT OF TEXAS

RUBEN YBANEZ,                    §
                                 §
              Plaintiff,          §
                                 §
*versus*                         §      CIVIL ACTION NO. 1:18-CV-179
                                 §
VICTOR D. BOSTON, *et al.*,      §
                                 §
              Defendants.         §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Ruben Ybanez, proceeding *pro se*, filed the above-styled civil rights lawsuit.  The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge regarding this case.  The magistrate judge recommends dismissing this case for failure to state a claim upon which relief may be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence.  Plaintiff filed objections to the magistrate judge's Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff complains about four disciplinary convictions.  He asserts defendant Victor D. Boston denied him due process of law while acting as the hearing officer.  In addition, he alleges defendants M. Blalock, Staci Crowley and Stacey L. LeBlanc failed to properly investigate and rule on grievances he filed regarding the convictions.

The magistrate judge concluded plaintiff had failed to state a claim against defendant Boston because, based on the punishment imposed as a result of the conviction, plaintiff was not entitled to due process of law.  With respect to the claim against the remaining defendants, the

magistrate judge concluded plaintiff did not have a constitutional right to have his grievances properly investigated or resolved.

In his objections, plaintiff states he was entitled to due process of law in connection with his disciplinary proceedings.  The court disagrees.  Whether or not an inmate is entitled to due process of law in connection with a disciplinary proceeding depends on whether the sanction imposed will affect the amount of time an inmate remains incarcerated.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  Plaintiff did not lose previously earned good conduct time credits as a result of his disciplinary convictions.  As a result, the sanctions imposed will not affect the amount of time he remains incarcerated.  Plaintiff was therefore not entitled to due process of law in connection with the disciplinary proceedings.  *Starks v. Pettiford*, 78 F. App'x 426 (5th Cir. 2003).

In addition to asserting he was denied procedural due process, plaintiff contends he was also denied substantive due process in connection with the disciplinary proceedings.  However, in order to state a substantive due process claim, a plaintiff must allege the deprivation of a constitutionally protected right.  *Mikesha v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006).  Based on the authorities cited in the Report and Recommendation, the punishments imposed as a result of the disciplinary proceedings did not implicate a protected liberty interest and therefore did not deprive plaintiff of a constitutionally protected right.  As a result, the disciplinary proceedings did not deprive plaintiff of substantive due process.  *Ruiz v. LeBlanc*, 2014 WL 880620, *5 (E.D. La. Mar. 5, 2014).

Plaintiff continues to maintain that his grievances were not properly investigated or resolved.  However, this allegation fails to state a claim upon which relief may be granted.  An inmate does not have a right to have grievances properly investigated or resolved to his satisfaction.  *Schwarzer v. Wainwright*, 810 F. App's 358, 360 (5th Cir. 2020) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)).

Finally, plaintiff asserts he is also alleging he was denied equal protection of the laws in connection with the events described in his lawsuit.  To maintain an equal protection claim, a plaintiff must demonstrate he has been "intentionally discriminated against . . . because of membership in a protected class . . . ."  *Nance v. New Orleans & Baton Rouge Steamship Pilot's Association*, 174 F. App'x 849, 854 (5th Cir. 2006).  Plaintiff's allegations do not demonstrate that the actions of the defendants were related to his membership in a protected class.

### ORDER

Accordingly, the objections filed by plaintiff in this matter are OVERRULED.  The findings of fact and conclusions of law set forth in the report of the magistrate judge are correct, and the report of the magistrate judge is ADOPTED.  A final judgment shall be entered dismissing this lawsuit.

SIGNED at Beaumont, Texas, this 6th day of August, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

3